IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-14-12 (4) |
| | § | |
| ISRAEL SANCHEZ | § | |

### ORDER OF DETENTION PENDING TRIAL

On July 18, 2014, this Court conducted a Hearing on the Government's Motion to Detain **Israel Sanchez**, a named Defendant in the above-styled and numbered cause. The Government appeared by attorney and announced ready; the Defendant appeared in person and by court-appointed counsel and announced ready. The Government offered the testimony of James Emmerson, a member of the Drug Enforcement Administration Task Force; the Defendant proffered evidence in support of his request for release. The Court also made the Pretrial Services report, which recommended detention, a part of the record for purposes of the Detention Hearing only. Having now considered the evidence, this Court makes the following findings of fact and conclusions of law:

1. That pursuant to the Indictment there is probable cause to believe that **Israel Sanchez** has committed a drug offense with a maximum penalty of ten years or more confinement, see 18 U.S.C. § 841, see also United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987);

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Sanchez'** detention, 18 U.S.C. § 3142(e);

3. That the Government's evidence tying **Sanchez** to the alleged drug conspiracy is strong;

4. That although **Sanchez** was only a courier he, despite being gainfully employed and earning $4,000.00 per month, agreed to make two trips to Mexico to pick up methamphetamine for Defendant Hinojosa; the first trip was aborted because the supplier failed to procure the methamphetamine, but the second, while not completed because of unforeseen complications encountered from Mexican officials, involved intended stops in Mexico City and Guadalajara to take possession of 9 kilograms of methamphetamine from a Cartel-related supplier and to deliver weapons;

5. That by virtue of the foregoing findings, **Sanchez** would constitute a danger to the community if released on bond;

6. That although **Sanchez** was born in Weslaco, Texas, he lived in Mexico until age 12, his parents continue to live in Mexico, and he travels to Mexico to visit his parents 2 or 3 times per year;

7. That, in light of the potential co-conspirator liability despite his mere courier status, the foregoing finding poses a serious risk that **Sanchez** might flee the jurisdiction of this Court;

8. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Sanchez** by this Court to reasonably assure the safety of the community or his appearance in Court if he were released.

It is, therefore, **ORDERED** that **Israel Sanchez** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Israel Sanchez SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Israel Sanchez** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Houston, Texas, this _____23rd_____ day of July, 2014.

_____
John R. Froeschner
United States Magistrate Judge